## White v. Gott, et al.

(Decided May 28, 1926.)

Appeal from Madison Circuit Court.

Wills—Widow Held Properly Allowed to Sell Property Left to Her and Children by Deceased Husband, where Children's Health Made it Impossible to Live on Property and Income from it was Inadequate.—Widow held properly allowed to sell property left to her and children by deceased husband, under clause of will giving her right to sell if she should have to do so, where children's health made it impossible to live on such property, and rent was insufficient to keep up taxes and repairs and support widow and children.

BURNAM & GREENLEAF for appellant.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

By his will, Adam S. Gott, now deceased, after first providing for the payment of his debts, devised all of his real estate to his wife, Lizzie Gott, and his two children, Andrew Gott and John Gott; one-half to his wife and the remaining half to his two children. He then provided by the third clause of his will as follows:

> "I desire and will that if my wife should have to sell any or all of the real estate I have left to her and my two children before they become twenty-one years of age, I give her the right to do so and make all deeds necessary in conveying of said property, and the half willed to my two children I desire her to invest in other property to be held for them until they become twenty-one years of age."

By an *ex parte* petition filed in the circuit court of Madison county, where the real estate left by Adam Gott is located, Lizzie Gott individually and as executrix of the will of her husband, and as testamentary guardian of their two children, who are still infants, the two children by Lizzie Gott as their testamentary guardian, and one Henry White sought the judgment of the court on the state of facts therein set out, which were these: The only real estate left by Adam Gott was a house and lot in Richmond, Kentucky. About a year ago Lizzie Gott and the two children were compelled to remove to the country in Fayette county on account of the state of health of the children. She and the children have no relatives in Madison county but quite a few in Fayette county. During the past year both children have been in a very delicate state of health and have required a good deal of medical attention, in the course of which they have incurred substantial doctors' bills. Their only source of income is the rent derived from this house in Richmond. It is an old house and they have been unable to keep tenants in it; and by reason of these facts the rentals have been intermittent and not enough to keep up the taxes and repairs and to support the widow and children. Henry White, above mentioned, has offered to buy this property for the sum of $6,000.00 for the purpose of building a gasoline filling station upon it but is unwilling to do so unless he can get a good title. The parties asked that the court declare that under the will, and especially the third clause above quoted. there was a present neces-

sity for the sale of the real estate, which necessity authorized Lizzie Gott to sell it in order that she might invest the proceeds in other property which would be more remunerative. The court adjudged that Lizzie Gott had the right to sell and convey the property to Henry White and that her deed would invest him with a good fee-simple title. As to this part of the judgment, the court declared that it was final but he reserved for the further control of the court the question of the reinvestment of the proceeds. Henry White has appealed from that part of the judgment adjudging that Lizzie Gott had the right to make the sale and convey a good title.

It will be noted that the will invests Lizzie Gott with the right to sell the property and make a good deed thereto, in the event she should have to do so. Whether or not she was made by the will the sole judge of this necessity we need not now determine inasmuch as she asked the advice of the court on the question and the court answered it in the affirmative and declared her right to make the sale and convey the title by her deed. The facts as detailed fully sustain the court's judgment in this particular and therefore it is affirmed.